UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONESCO INDUSTRIES, LTD. d/b/a DOKA USA, LTD., | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-02851 |
| | § | |
| ARNOLD DEVELOPMENT GROUP, LLC, | § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Before the Court is the defendant's, Arnold Development Group, LLC (the "defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3) (Dkt. No. 5), the plaintiff's, Conesco Industries, LTD.; d/b/a DOKA USA, LTD. (the "plaintiff") response to the defendant's motion to dismiss (Dkt. No. 18) and the defendant's reply in support of its motion (Dkt. No. 20).

**II.  FACTUAL BACKGROUND**

The plaintiff is a New Jersey limited partnership doing business in Texas and throughout the United States. The defendant is a Missouri limited liability corporation. In 2016, the defendant, represented by its president, Jonathan Arnold, contacted the plaintiff regarding renting its shoring equipment to assist in constructing a new residential building development in Kansas City, Missouri. Rather than contracting with the defendant directly, the plaintiff entered into a contract with the defendant's general contractor, HarenLaughlin. The contract provided that HarenLaughlin make monthly payments in exchange for use of the equipment. The contract also included a forum selection clause mandating that all claims be litigated in Johnson County,

Kansas. The plaintiff shipped approximately $800,000 worth of equipment from Texas to the defendant's construction site in Missouri. During the performance period, the defendant's relationship with HarenLaughlin ended. On behalf of the defendant, Mr. Arnold represented that it would assume the contract. When the plaintiff requested payment from the defendant for use of the equipment, the defendant refused to pay.

On June 22, 2018, the plaintiff sued the defendant in the District Court of Harris County for breach of contract and conversion. On August 17, 2018, the defendant filed a Notice of Removal to this Court. Now, the defendant moves to dismiss the suit for lack personal jurisdiction under Rule 12(b)(2) and for improper venue under Rule 12(b)(3).

### III. CONTENTIONS OF THE PARTIES

#### A. Defendant's Contentions

The defendant contends that the complaint should be dismissed because the court lacks personal jurisdiction over it. The defendant also maintains that the suit should be dismissed for improper venue in light of the forum selection clause in the contract. The defendant explains that the plaintiff alleges that specific jurisdiction applies here instead of general jurisdiction. The defendant contends, however, that specific personal jurisdiction cannot be asserted because it has not availed itself to Texas. The defendant explains that it is a New Jersey company and not a Texas company like the plaintiff, does not have physical presence in Texas and is not developing any projects in Texas. The defendant adds that the fact that the plaintiff shipped equipment from Texas is merely a fortuity. Moreover, the defendant explains that there is no indication that Texas was the hub for the parties' activities since the project is being constructed in Kansas City, Missouri.

### B. Plaintiff's Contentions

The plaintiff alleges that jurisdiction over the defendant is proper in Texas under is specific jurisdiction principles. The plaintiff argues that the defendant availed itself to Texas jurisdiction when it took the following steps: (1) it researched and found the plaintiff's shoring equipment in Texas; (2) it contacted the plaintiff regarding retaining its equipment rental services; (3) its general contractor entered into an agreement with the plaintiff; and (4) it assumed the contract. The plaintiff argues that the defendant made an informed choice and engaged in intentional acts to seek its specific product. The plaintiff contends that the fact that the property went to Missouri is not fortuitous.

## IV. DISCUSSION

The defendant maintains that the complaint should be dismissed for lack of personal jurisdiction and for improper venue. Fifth Circuit law provides that to demonstrate a *prima facie* case for specific personal jurisdiction, the plaintiff must resolve: (1) whether a defendant has minimum contacts with the forum state, i.e., the non-resident defendant purposefully directed its activities at Texas as the forum state; and (2) whether a plaintiff's cause of action arises out of or relate to the non-resident defendant's forum-related activities. *See Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 86, 868 (citing *Burger King Corp.*, 471 U.S. at 472, 105 S. Ct. at 2174; *Monkton Ins. Services, Ltd. V. Ritter*, 768 F.3d 429 (2014)). "The non-resident's purposeful availment 'must be such that the defendant should reasonably anticipate being haled into court' in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co. Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (*quoting Worldwide Volkswagen*, 444 U.S. at 297, 100 S. Ct. at 67).

In the case before the Court, the defendant is a Missouri corporation and the plaintiff is a New Jersey corporation. The defendant did contact the plaintiff. However, the fact that the

defendant contacted the plaintiff and communicated with the plaintiff is not adequate to establish specific jurisdiction. *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F.Supp.3d 664 (2014). The parties entered into an agreement for services. However, the fact that the defendant entered into an agreement with a Texas resident does not constitute purposeful availment of Texas jurisdiction. *Id*. Moreover, the performance of the contract took place in Kansas City, Missouri and not Texas. Therefore, the plaintiff fails to prove that the defendant has sufficient minimum contacts with Texas. Thus, the Court does not have specific personal jurisdiction over the defendant. Further, the parties agreed that all claims arising out of the contract must be litigated in Kansas.

V.  **CONCLUSION**

Based on the foregoing analysis and discussion, the defendant's motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction is **GRANTED**, without prejudice. Accordingly, the Court does not address the defendant's motion to dismiss pursuant to Rule 12(b)(3).

It is so ORDERED.

SIGNED on this 29th day of March, 2019.

_____
Kenneth M. Hoyt
United States District Judge